Joshua S. Parilman (021272)
**DAVID WROBLEWSKI & ASSOCIATES, P.C.**
2020 N. Central Avenue, Ste. #1100
Phoenix, AZ 85004
Phone: (602) 266-4570
Fax: (602) 288-1650
Email: parilman@aol.com
Attorney for Debtors

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>DAVID BARRY MANNING<br>xxx-xx-3833<br>And<br>KRISTYNNA RENEE PERU<br>xxx-xx-7204<br><br>964 E. Gila Lane<br>Chandler, AZ 85225<br>       Debtors.<br><br>DAVID BARRY MANNING and<br>KRISTYNNA RENEE PERU<br>       Plaintiffs<br>v.<br>JP MORGAN CHASE BANK, N.A.<br>       Defendant, | In Proceedings Under Chapter 13<br><br>Case No.: 2:10-bk-12228-SSC<br><br>Adv. No. 2:12-ap-00941-SSC<br><br>**ORDER REGARDING AVOIDANCE OF JUNIOR LIEN HELD BY JP MORGAN CHASE BANK, N.A.**<br><br>**Real Property Located at:**<br>**964 E. GILA LANE**<br>**CHANDLER, ARIZONA 85225** |

  Pursuant to the Stipulation Regarding Avoidance of Junior Lien Held by JP MORGAN CHASE BANK, N.A., is entered into by and between DAVID BARRY MANNING and KRISTYNNA RENEE PERU (hereinafter referred to as "Debtor"), and JP MORGAN CHASE BANK, N.A., and good cause appearing therefore,

  IT IS HEREBY ORDERED AS FOLLOWS:

In re: David Manning and Kristynna Peru
Case No.: 2:10-bk-12228-SSC

1

Case 2:12-ap-00941-SSC   Doc 10   Filed 06/25/12   Entered 06/26/12 14:07:39   Desc
Main Document - Stipulation   Page 1 of 3

1. Debtor is the maker of a Fixed Rate Note dated, March 18, 2006, under which Debtor received a loan from CHASE in the principal amount of $50,000.00 ("the Note"), which is secured by a second position Deed of Trust ("Second Deed of Trust") in favor of CHASE dated March 18, 2006, and recorded on July 10, 2006 with the Maricopa County Recorder's Office at Instrument No. 2006-0914014, encumbering the real property located at 964 East Gila Lane, Chandler, AZ 85225 (the "Subject Property"). The Subject Property is legally described as follows:

> LOT 38, STONEGATE CROSSING UNIT THREE, A SUBDIVISION RECORDED IN BOOK 263 OF MAPS, PAGE 44, RECORDS OF MARICOPA COUNTY, ARIZONA

    The Note and Second Deed of Trust are collectively referred to hereinafter as the "Subject Loan."

2. CHASE's claim secured by the Second Deed of Trust shall be treated, classified and allowed as a non-priority general unsecured claim in the Debtor's Chapter 13 Plan, SUBJECT TO THE FOLLOWING CONDITIONS:
    a. The avoidance of CHASE's Second Deed of Trust is contingent upon the confirmation of the Debtor's Chapter 13 Plan;
    b. The avoidance of CHASE's Second Deed of Trust is contingent upon the Debtor's full performance and completion of their Chapter 13 Plan; and
    c. The avoidance of CHASE's Second Deed of Trust is contingent upon the Debtor's receipt of a Chapter 13 discharge.

3. Upon receipt of the Debtor's Chapter 13 discharge and completion of their Chapter 13 Plan, CHASE shall, after receipt of notice of said discharge, promptly record a reconveyance of its Second Deed of Trust against the Subject Property with the Maricopa County Recorder's Office;

4. CHASE shall retain its lien for the full amount due under the Subject Loan and Second Deed of Trust, and CHASE's lien shall not be avoided, and CHASE's claim shall be treated as a secured claim, in the event of (a) the Debtor's surrender of the Property; (b) the dismissal of the Debtor's Chapter 13 case; or (c) the conversion of the Debtor's Chapter 13 case to any other Chapter under the United States Bankruptcy Code;

5. In the event that the holder of the first lien on the Subject Property forecloses on its security interest and extinguishes CHASE's Second Deed of Trust prior to the Debtor's completion of their Chapter 13 Plan and receipt of a Chapter 13 Discharge, CHASE's lien shall attach to the surplus proceeds of the foreclosure sale for the full amount of the Subject Loan balance at the time of the sale;

6. Each party shall bear their own attorney's fees and costs incurred in the present adversary case number 2:12-ap-00941-SSC and bankruptcy case number 2:10-bk-12228-SSC; and

7. The terms of this Stipulation will be incorporated by reference in an Order Confirming the Debtor's Chapter 13 Plan.

DATE: <u>Signed and Dated Above</u>
UNITED STATES BANKRUPTCY JUDGE